**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4928**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CHARLES ENNETT BEALON, JR.,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  Louise W. Flanagan,
Chief District Judge.  (7:08-cr-00038-FL-1)

Submitted:  May 6, 2009          Decided:  July 21, 2009

Before TRAXLER, Chief Judge, and DUNCAN and AGEE, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, James E. Todd, Jr., Research
and Writing Specialist, Raleigh, North Carolina, for Appellant.
George E. B. Holding, United States Attorney, Robert J. Higdon,
Jr., William M. Gilmore, Jennifer E. Wells, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Ennett Bealon, Jr., appeals his sentence of 288 months' imprisonment for possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). On appeal, Bealon contends that the district court's upward departure from the recommended guidelines range was unreasonable, as the recommended guidelines range adequately accounts for Bealon's criminal history, and that even if an upward departure was appropriate, Bealon's 288 month sentence was unreasonable. We affirm.

"Regardless of whether the sentence imposed is inside or outside the [g]uidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 597 (2007). Appellate courts are charged with reviewing sentences for reasonableness, evaluating both the procedural and substantive reasonableness of a sentence. Id. at 594, 597.

In determining procedural reasonableness, we first assess whether the district court properly calculated the defendant's advisory guidelines range. Id. at 596-97. We then determine whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, treated the guidelines as mandatory, selected a sentence based on "clearly erroneous facts," or failed to

2

sufficiently explain the selected sentence.  Id. at 597; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).  Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 128 S. Ct. at 597).

A district court may depart upward from the guidelines range under U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3(a) (2007) when "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1). Commentary to the guideline states that, "[i]n determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." USSG § 4A1.3 cmt. n.2(B).

Here, Bealon does not challenge the procedural reasonableness of the sentence — he does not allege that the district court erred in its calculation of the guidelines, failed to adequately explain its sentence, or failed to apply the § 3553(a) factors.  Instead, Bealon attacks the substantive

3

reasonableness of the sentence. When reviewing substantive reasonableness, we "may consider the 'extent of the deviation' [from the recommended guidelines range], but . . . 'must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance.'" Pauley, 511 F.3d at 473-74 (quoting Gall, 128 S. Ct. at 597). That we would have reached a different result in the first instance is insufficient reason to reverse the district court's sentence. Id. at 474.

Upon reviewing the record, we conclude that the district court did not abuse its discretion in sentencing Bealon to 288 months' imprisonment. Throughout the sentencing hearing, the district court referenced Bealon's lengthy criminal history. The district court noted that it had never seen a criminal history as extensive as Bealon's, and characterized the history as "a laundry list of drug offenses and other crimes, motor vehicle infractions." The court observed that Bealon had a criminal history point subtotal of thirty-seven, nearly three times the threshold of a category VI criminal history. Therefore, the court found that criminal history category VI greatly underrepresented Bealon's significant criminal history.

Our independent review of the record confirms the district court's assessment of Bealon's pattern of criminal behavior. Bealon's extensive criminal history encompasses

4

twenty-four convictions from 2000 to 2005. Eight of the offenses are felonies, and two of them are violent crimes. Both the nature and volume of Bealon's offenses demonstrate a rampant disrespect for the law, the community at large, and the safety of individuals therein.

In formulating the sentence, the district court specifically addressed several of the § 3553(a) factors and found the guidelines sentence insufficient to adequately address them. The district court then methodically reviewed the guidelines ranges for various offense levels, first for Bealon's calculated offense level of thirty-one, then for an offense level of thirty-two, and finally for an offense level of thirty-three. The court noted that the lower two levels would not "adequately take into consideration the factors the [c]ourt's required to consider," and would not "adequately reflect the seriousness of [Bealon's] past criminal conduct with the likelihood of recidivism." Finally, the court determined that an offense level of thirty-three, with its corresponding advisory guidelines range of 235 to 293 months' imprisonment, would be sufficient to address the § 3553(a) factors. Accordingly, the district court sentenced Bealon to 288 months' imprisonment.

We find that the district court did not abuse its discretion in sentencing Bealon to 288 months' imprisonment.

5

Rather, it is apparent that the court made the requisite "individualized assessment based on the facts presented," <u>United States v. Carter</u>, ___ F.3d ___, ___, 2009 WL 1110786, at *2, *4 (4th Cir. Apr. 27, 2009) (No. 08-4643) (quoting <u>Gall</u>, 128 S. Ct. at 597).  Therefore, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>